SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------------X Index Number 12559/07
ROSE MIRDITA,

      Plaintiff,    SUMMONS

 -against-

ATLANTIC REFINING & MARKETING CORP. and Plaintiff designates
SUNOCO, INC. (R & M),       Westchester County as the
              place of trial

              The basis of this venue is
      Defendants.      Plaintiff's residence

              Plaintiff resides at:
------------------------------------------------------------X 520 Seth Lane
              Yorktown Heights, NY 10598

 TO THE ABOVE NAMED DEFENDANTS:

 YOU ARE HEREBY SUMMONED to appear in this action by serving a Notice of Appearance on Plaintiff's attorneys within 20 days after service of this Summons, exclusive of the day of service, or within 30 days after service is complete if this Summons is not personally delivered to you within the State of New York. In case of your failure to answer, Judgment will be taken against you by default for the relief demanded in the Complaint.

DATED:  White Plains, New York
     May 14, 2007

              Yours, etc.,

              WORBY GRONER EDELMAN, LLP

              _____
              Joel B. Savit
              Attorneys for Plaintiff
              11 Martine Avenue--Penthouse
              White Plains, NY 10606
              (914) 686-3700
              File No. 3156

TO:    ATLANTIC REFINING & MARKETING CORP.
c/o CT Corporation System
111 8th Avenue
New York, NY 10011

SUNOCO, INC. (R & M)
1735 Market Street
Philadelphia, PA 19103

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------X
ROSE MIRDITA,

      Plaintiff,

  -against-

ATLANTIC REFINING & MARKETING CORP. and
SUNOCO, INC. (R & M),

      Defendants.
-----------------------------------------------------------------X

Index Number

1259/07

VERIFIED COMPLAINT

RECEIVED
JUL 11 2007
TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

  Plaintiff, by her attorneys, WORBY GRONER EDELMAN LLP, alleges the following, as and for her Verified Complaint:

  1. At all times hereinafter mentioned, Plaintiff resided in the County of Westchester, State of New York.

  2. Upon information and belief, Defendant ATLANTIC REFINING & MARKETING CORP. (hereinafter referred to as Defendant ATLANTIC) was and still is a domestic corporation duly authorized and existing under and by virtue of the laws of the State of New York.

  3. Upon information and belief, Defendant ATLANTIC was and still is a foreign corporation duly authorized to conduct business in the State of New York.

  4. At all times hereinafter mentioned, Defendant ATLANTIC owned the premises at 3650 Lee Boulevard, Jefferson Valley, New York (hereinafter referred to as "the premises") and its appurtenances and fixtures thereto including the parking lot.

  5. At all times hereinafter mentioned, Defendant ATLANTIC operated the aforementioned premises.

  6. At all times hereinafter mentioned, Defendant ATLANTIC maintained the aforementioned premises.



7. At all times hereinafter mentioned, Defendant ATLANTIC managed the aforementioned premises.

8. At all times hereinafter mentioned, Defendant ATLANTIC controlled the aforementioned premises.

9. At all times hereinafter mentioned, Defendant ATLANTIC had a duty to maintain the premises in a reasonably safe condition.

10. Upon information and belief, Defendant SUNOCO, INC. (R & M) (hereinafter referred to as Defendant SUNOCO) was and still is a domestic corporation duly authorized and existing under and by virtue of the laws of the State of New York.

11. Upon information and belief, Defendant SUNOCO was and still is a foreign corporation duly authorized to conduct business in the State of New York.

12. At all times hereinafter mentioned, Defendant SUNOCO owned the aforementioned premises at 3650 Lee Boulevard, Jefferson Valley, New York and its appurtenances and fixtures including the parking lot.

13. At all times hereinafter mentioned, Defendant SUNOCO operated the aforementioned premises.

14. At all times hereinafter mentioned, Defendant SUNOCO maintained the aforementioned premises.

15. At all times hereinafter mentioned, Defendant SUNOCO managed the aforementioned premises.

16. At all times hereinafter mentioned, Defendant SUNOCO controlled the aforementioned premises.

17. At all times hereinafter mentioned, Defendant SUNOCO had a duty to maintain the premises in a reasonably safe condition.

18. On November 21, 2006 Plaintiff ROSE MIRDITA was lawfully on the premises with the knowledge, permission and consent of the owner or owners.

19.     On November 21, 2006, while Plaintiff was lawfully on the premises, Plaintiff was caused to trip and fall as a result of a concrete car stopper in the parking lot, which resulted in severe and permanent injuries.

20.     The above mentioned occurrence and the results thereof were caused by the negligence of the Defendant and/or the Defendant's agents, servants, and/or employees in the ownership, operation, management, maintenance and control of the premises in causing, allowing and permitting the premises at the place above mentioned to be, become and remain for a period of time after notice, either actual or constructive, in a dangerous and/or hazardous condition; ; in failing to inspect the walking surface at the exterior of the premises; in causing, allowing and permitting a trap to exist at the location; in failing to utilize hardware to prevent the concrete car stopper from moving; in failing to make permanent the position of the concrete car stopper; in failing to utilize the holes in the concrete car stopper as required; in failing to maintain the exterior of the premises in a reasonably safe and proper condition; in causing, allowing and permitting an obstruction to Plaintiff's safe passage at the location; in causing, allowing and permitting the existence of a condition which constituted a trap, nuisance, menace and danger to lawful pedestrians; in failing to have taken necessary steps and measures to have prevented the above mentioned location from being used while in a dangerous condition; in failing to give Plaintiff adequate and timely signal, notice or warning of the condition; in negligently, recklessly and carelessly causing and permitting the above premises to be and remain in a dangerous condition for an unreasonable length of time, resulting in a hazard to the Plaintiff and others; in failing to take suitable and proper precautions for the safety of persons on and using the premises; and in being otherwise negligent, reckless and careless.

21.     No negligence on the part of the Plaintiff contributed to the occurrence alleged.

22.     Because of the above stated premises, Plaintiff ROSE MIRDITA was caused to sustain serious injuries and to have suffered pain, shock, and mental anguish; that these

injuries and their effects will be permanent; and as a result of these injuries Plaintiff has been caused to incur and will continue to incur expenses for medical care and attention; and, as a further result, Plaintiff was and will continue to be rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

23. The limited liability provisions of C.P.L.R. § 1601 do not apply pursuant to one or more of the exceptions of C.P.L.R. § 1602, including but not limited to subsections 7 and 11.

24. That the aforesaid acts and failures of the Defendants were grossly negligent, careless, wanton, willful and constituted a conscious disregard to the safety of Plaintiff, entitling Plaintiff to punitive damages.

25. That as a result of the foregoing, Plaintiff has been injured and damaged in a sum which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action for compensatory damages and in a sum which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action for punitive damages.

WHEREFORE, Plaintiff demands judgment against the Defendants in an amount exceeding the jurisdictional limits of all lower Courts which would otherwise have jurisdiction over this action for compensatory damages and in an amount which would otherwise have jurisdiction over this action for punitive damages, together with the costs and disbursements of this action.

Dated: White Plains, New York
      May 14, 2007

                      Yours, etc.,

                      WORBY GRONER EDELMAN, LLP

_____
Joel B. Savit
Attorneys for Plaintiffs
11 Martine Avenue--Penthouse
White Plains, NY 10606
(914) 686-3700

Index No. _____   Year 20 ____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

ROSE MIRDITA,

                                                                                Plaintiff(s),

- against -

ATLANTIC REFINING & MARKETING CORP. and SUNOCO, INC. (R & M)

                                                                               Defendant(s).

### Summons and Verified Complaint

WORBY GRONER EDELMAN LLP
COUNSELLORS AT LAW

*Attorneys for* **Plaintiff(s)**

11 MARTINE AVENUE
WHITE PLAINS, NEW YORK 10606

(914) 686-3700

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

Dated: ..................................   Signature..........................................................

                                       Print Signer's Name.........................................................

*Service of a copy of the within*                             *is hereby admitted.*

Dated:

                                                      *Attorney(s) for*

**PLEASE TAKE NOTICE**

☐ **NOTICE OF ENTRY**
that the within is a (certified) true copy of a
entered in the office of the clerk of the within named Court on                 20

☐ **NOTICE OF SETTLEMENT**
that an Order of which the within is a true copy will be presented for settlement to the Hon.                          one of the judges of the within named Court,
at
on                    20      , at           M.

Dated:

                                                            WORBY GRONER EDELMAN LLP
                                                             COUNSELLORS AT LAW
                               *Attorneys for*

                                                                    11 MARTINE AVENUE
To:                                                                   WHITE PLAINS, NEW YORK 10606