Matthew W. Bauer (MB 7354)
CONNELL FOLEY LLP
85 Livingston Avenue
Roseland, New Jersey 07068-3702
(973) 535-0500
Attorneys for Defendants,
Atlantic Refining & Marketing Corp. and Sunoco, Inc. (R & M)

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROSE MIRIDITA,<br><br>Plaintiff(s),<br><br>v.<br><br>ATLANTIC REFINING & MARKETING CORP. and SUNOCO, INC. (R & M),<br><br>Defendants. | Civil Action No._____<br>ECF Case<br><br><br><br><br>ANSWER TO VERIFIED COMPLAINT, AFFIRMATIVE DEFENSES, AND DEMAND FOR TRIAL BY JURY |

Defendants, Atlantic Refining & Marketing Corp. ("Atlantic") a Delaware Corporation with its principal place of business located in Philadelphia, Pennsylvania, and Sunoco, Inc. (R & M) ("Sunoco"), a Pennsylvania Corporation with its principal place of business located in Philadelphia, Pennsylvania, (collectively "Defendants") by way of answer to the Verified Complaint filed by plaintiff(s), hereby say:

1. Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 1 of the Verified Complaint.

2. Atlantic denies the allegations set forth in Paragraph 2 of the Verified Complaint.

3. Atlantic admits it is a Delaware Corporation and conducts business in New York.

4. Atlantic admits it owned the premises located at 3650 Lee Boulevard, Jefferson Valley, New York, but otherwise, Atlantic is without knowledge sufficient to admit or deny the allegations set forth in Paragraph 4 of the Verified Complaint.

5. Atlantic denies the allegations set forth in Paragraph 5 of the Verified Complaint.

6. Atlantic denies the allegations set forth in Paragraph 6 of the Verified Complaint.

7. Atlantic denies the allegations set forth in Paragraph 7 of the Verified Complaint

8. Atlantic denies the allegations set forth in Paragraph 8 of the Verified Complaint.

9. The allegations set forth in Paragraph 9 of the Verified Complaint are Statements of Law, and no response is required.

10. Sunoco denies the allegations set forth in Paragraph 10 of the Verified Complaint.

11. Sunoco admits it is a Pennsylvania Corporation and conducts business in New York.

12. Sunoco denies the allegations set forth in Paragraph 12 of the Verified Complaint.

13. Sunoco admits the allegations set forth in Paragraph 13 of the Verified Complaint.

14. Sunoco admits the allegations set forth in Paragraph 14 of the Verified Complaint.

15. Sunoco admits the allegations set forth in Paragraph 15 of the Verified Complaint.

16. Sunoco admits the allegations set forth in Paragraph 16 of the Verified Complaint.

17. The allegations set forth in Paragraph 17 of the Verified Complaint are Statements of Law, and no response is required.

18. Defendants are without knowledge and information sufficient to admit or deny the allegations set forth in Paragraph 18 of the Verified Complaint.

19. Defendants deny the allegations set forth in Paragraph 19 of the Verified Complaint.

20. Defendants deny the allegations set forth in Paragraph 20 of the Verified Complaint.

21. Defendants deny the allegations set forth in Paragraph 21 of the Verified Complaint.

22. Defendants deny the allegations set forth in Paragraph 22 of the Verified Complaint.

23. Defendants deny the allegations set forth in Paragraph 23 of the Verified Complaint.

24. Defendants deny the allegations set forth in Paragraph 24 of the Verified Complaint.

25. Defendants deny the allegations set forth in Paragraph 25 of the Verified Complaint.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

Plaintiff(s)' Verified Complaint fails to state a claim upon which relief can be granted.

### SECOND SEPARATE DEFENSE

Plaintiff(s)' Verified Complaint is barred by the applicable statute of limitations as set forth in NYEPTL Section 5-4.1.

### THIRD SEPARATE DEFENSE

At the time and place alleged in the Verified Complaint, Defendants violated no legal duty, whether imposed by statute, administrative code or common law, owing to plaintiff(s).

### FOURTH SEPARATE DEFENSE

At the time and place alleged in the Verified Complaint, Defendants were not guilty of any negligence, wrongful act, or default which was a proximate cause of any injury or damages complained of by plaintiff(s).

### FIFTH SEPARATE DEFENSE

The damages alleged by plaintiff(s) were solely and proximately caused by the alleged negligence and/or intentional conduct of third parties over whom Defendants had no direction or control.

### SIXTH SEPARATE DEFENSE

Plaintiff(s)' Verified Complaint, in whole or in part, is barred by the doctrine of comparative negligence.

### SEVENTH SEPARATE DEFENSE

Defendants reserve the right to move to dismiss the Verified Complaint on the grounds that it fails to set forth a cognizable legal cause of action.

### EIGHTH SEPARATE DEFENSE

Defendants reserve the right to move to dismiss the Verified Complaint on the grounds that plaintiff(s) has failed to join a necessary party to the within action and, accordingly, the Court has no jurisdiction to grant the relief asserted by plaintiff(s).

### NINTH SEPARATE DEFENSE

Defendants reserve the right to move to dismiss the Verified Complaint for insufficient process.

### TENTH SEPARATE DEFENSE

That any sums or consideration paid or promised to plaintiff(s) by any person(s) or entity(ies) claimed to be liable for the injuries or damages alleged in the Verified Complaint shall

reduce any judgment rendered in favor of plaintiff(s) as against Defendants to the extent of the greater of either the sums or consideration paid or promised to plaintiff(s) or the amount of the released tortfeasor's(s') equitable share(s) or the damages in accordance with General Obligation Law Section 15-108.

## ELEVENTH SEPARATE DEFENSE

That any verdict in the within action for past, present and future medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, should be reduced by the amount that any such expense has or will with reasonable certainty be replaced or indemnified in whole or in part from any collateral source, in accordance with the provisions and limitations of Section 4545(c) of the CPLR.

## TWELFTH SEPARATE DEFENSE

The damages allegedly sustained by plaintiff(s), to the extent plaintiff(s) may be able to prove any injuries and/or damages, said damages were proximately caused by intervening and/or superseding acts and/or fault of the plaintiff(s) and/or persons over whom the Defendants had not control or right of control and for whose actions Defendants are not liable.

## THIRTEENTH SEPARATE DEFENSE

The personal injuries alleged to have been sustained by plaintiff(s) were caused in whole or in part as a result of the culpable conduct attributable to plaintiff(s), including, but not limited to, plaintiff(s)' contributory negligence and/or assumption of the risk. Pursuant to Article 14-A of the CPLR, Defendants seeks a reduction of any recovery had by plaintiff(s) in the proportion which the culpable conduct attributable to plaintiff(s) or any co-defendant bears to the culpable conduct which caused the damages.

## FOURTEENTH SEPARATE DEFENSE

Upon information and belief, at the time and place alleged in the Verified Complaint, any damages or injury caused to plaintiff(s) was the result of plaintiff(s)' own unpreventable misconduct.

## FIFTEENTH SEPARATE DEFENSE

Defendants reserves the right to amend their Answer to the Verified Complaint to assert such additional defenses, cross-claims or counterclaims as may become apparent during the continuing course of discovery in this matter. In addition, Defendants reserve the right to amend its Answer to assert additional affirmative defenses.

## DEMAND FOR TRIAL BY JURY

Defendants, Atlantic Refining & Marketing Corp. and Sunoco, Inc. (R & M), hereby demand a trial by jury as to all issues.

CONNELL FOLEY LLP
Attorneys for Defendants,
Atlantic Refining & Marketing Corp. and Sunoco, Inc. ( R & M ),

By: _____
    MATTHEW W. BAUER

Dated: August 17, 2007