# WORBY GRONER EDELMAN LLP
## ATTORNEYS AT LAW

11 MARTINE AVENUE, PENTHOUSE • WHITE PLAINS, NEW YORK 10606
TELEPHONE: 914-686-3700 • FACSIMILE: 914-686-8080
WWW.WGELAW.COM

DAVID E. WORBY
WILLIAM H. GRONER*
MICHAEL R. EDELMAN

RICHARD S. VECCHIO
MICHAEL L. TAUB

PAUL J. CAMPSON*
SAM ROSMARIN
JOEL B. SAVIT
OF COUNSEL

ADMITTED
*NY & NJ
*NY, NJ & DC

IRENE VARGAS
SENIOR PARALEGAL

115 BROADWAY, 12TH FLOOR
NEW YORK, NY 10006
212-732-3410

18 FAIR STREET
CARMEL, NY 10512
800-469-5291

February 19, 2008

Via Fax No.: 914 390-4085
and Regular Mail

Hon. Charles L. Brieant, U.S.D.J.
United States District Court – Southern District of New York
300 Quarropas Street
White Plains, NY 10601

RE: Rose Mirdita v. Atlantic Refining & Marketing Corp. and Sunoco, Inc. (R & M)
07 Civ. 7444 (CLB) (MDF)
Our File No.: 3156

Dear Justice Brieant:

We represent plaintiff in the above-captioned action. It is the purpose of this letter to request additional time to conduct discovery and comply with Rule 26.

There are numerous reasons for this request. The case arises from an incident in which plaintiff Rose Mirdita tripped over a car stopper (the concrete object seen in many parking spots to prevent vehicles from moving forward).

The concrete car stopper was so close to the curb of defendants' premises that it could not be seen from the direction in which plaintiff was walking (even defendants' witness testified to this).

The deposition of defendant was conducted on January 29, 2008. Unfortunately, the witness produced knew virtually nothing about the car stoppers and was not even familiar with the one document (a blueprint) which indicated the presence of car stoppers.

Most importantly, she had no idea why the car stoppers had one hole on each end (they are used to fasten the car stoppers permanently in position so that they do not move, thus preventing a tripping hazard). In sum, the witness produced had virtually no necessary or material knowledge. Pursuant to plaintiff's Notice to Take Deposition, defendant is truly attempting to locate a witness with knowledge.

*Handwritten memo endorsement:* Counsel may have an additional sixty (60) days to complete discovery. The 4-11-08 conference will remain on the calendar as a Status Conference. So Ordered. 2/20/2008. Charles L. Brieant, USDJ

Quite importantly, the witness testified that not one employee who worked at defendants' gas station up to and on the day of the incident, was still employed by defendants. Until then, plaintiff had no idea that this was the case.

Obviously, the testimony of some of these witnesses is vital to plaintiff's case. If they are aware of the movement of the car stoppers, it provides notice of a dangerous condition. Further, they may be aware of complaints or other incidents of persons tripping over the car stoppers prior to plaintiff.

The undersigned has served a Notice to Produce the names and addresses of all these employees in order to take depositions of some. Plaintiff is awaiting a response to this request.

In view of the foregoing, plaintiff needs additional time to take non-party depositions so that a liability expert can base his opinions on testimony elicited from these witnesses.

Furthermore, the undersigned just discovered that Ms. Mirdita consulted with her treating physician this week and the doctor indicated surgery may be necessary to remove the screws and hardware in her ankle sustained from falling over the concrete stopper.

Additionally, she was told to schedule an appointment with another physician for a second opinion. She is in the process of doing this. Thus, her medical status is unknown at present, making it difficult for a medical expert to give his opinion as to the future.

Also, the undersigned has been ill for numerous weeks, resulting in entire days and partial days missed from work, thereby creating a backlog of work on numerous cases, Mirdita being one of them.

Finally, defense counsel has been kind enough to agree to a sixty-day extension to continue discovery and to extend the time to comply with the Federal Rules.

Based upon the foregoing, it is respectfully requested that the Court grant the requested relief.

Respectfully yours,

Joel B. Savit

JBS:sr
cc via fax:    Connell Foley LLP
               Attention: James C. Haynie, Esq.  **Fax No.: 973 535-9217**