# WORBY GRONER EDELMAN LLP
## ATTORNEYS AT LAW

11 MARTINE AVENUE, PENTHOUSE • WHITE PLAINS, NEW YORK 10606
TELEPHONE: 914-686-3700 • FACSIMILE: 914-686-8080
WWW.WGELAW.COM

DAVID E. WORBY
WILLIAM H. GRONER*
MICHAEL R. EDELMAN

RICHARD S. VECCHIO
MICHAEL L. TAUB

PAUL J. CAMPSON*
SAM ROSMARIN
JOEL B. SAVIT
OF COUNSEL

ADMITTED
*NY & NJ
*NY, NJ & DC

IRENE VARGAS
SENIOR PARALEGAL

115 BROADWAY, 12TH FLOOR
NEW YORK, NY 10006
212-732-3410

18 FAIR STREET
CARMEL, NY 10512
800-469-5291

March 18, 2008

Via Fax No.: 914 390-4085

Hon. Charles L. Brieant, U.S.D.J.
United States District Court – Southern District of New York
300 Quarropas Street
White Plains, NY 10601

RE: Rose Mirdita v. Atlantic Refining & Marketing Corp. and Sunoco, Inc. (R & M)
07 Civ. 7444 (CLB) (MDF)
Our File No.: 3156

Dear Justice Brieant:

We represent plaintiff in the above-captioned action. This matter is scheduled for a Court conference on March 28, 2008 at 9:00, at plaintiff's request, in order to address problems that plaintiff is having regarding disclosure on the part of the defendant. This letter is being sent to explain the specific discovery issues.

This case involves a woman who tripped over a concrete "car stopper" maintained by the defendants. The claim in this matter is that defendants failed to fasten the concrete "car stopper" to the asphalt, resulting in the "car stopper" being moved to a location where it became invisible to a pedestrian walking on the subject premises.

On January 29, 2008 Defendants produced Valerie Ortiz for a deposition. Unfortunately, Ms. Ortiz had no knowledge of the "car stoppers". In fact, she did not even know what the holes in the top of the "car stoppers" were for (they were for inserting bolts so that the "car stoppers" could be anchored to the asphalt). At that time, I informed defense counsel that plaintiff needed a further deposition of defendants by a person with knowledge of the concrete "car stoppers". On February 11, 2008, plaintiff served a Notice To Take Oral Deposition of a person with knowledge as to whether any device of any kind was ever used on the concrete parking bumpers to hold them in place, at the subject premises, and/or at any other Sunoco gas stations. As of this date, the further deposition of defendants has not been held.

The second issue is that none of the workers at the subject Sunoco on the date of the accident are any longer employed by defendant. Although Plaintiff's Second Request For Production of Document From Defendant was served on February 11, 2008, requesting full names and last know addresses of all persons working at the subject premises on November 21, 2006, and for a period of three years prior thereto, defendants have not provided same. This information is necessary so that plaintiff may conduct non-party depositions.

The Court graciously granted a sixty-day extension for discovery. However, plaintiff is concerned that this case will be called for trial without plaintiff ever having an opportunity to obtain all discovery needed for trial.

Thank you for your consideration of the issues at hand.

Respectfully yours,

Joel B. Savit

JBS:sr
cc via fax:   Connell Foley LLP
              Attention: James C. Haynie, Esq.   **Fax No.: 973 535-9217**